**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| BRYAN F.,[1] | : | Case No.  1:25-cv-00869 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Untimely

Complaint, or Alternatively, Motion for Summary Judgment ("Motion"). (Doc. No. 9.)

Plaintiff filed a Response in Opposition. ("Response," Doc. No. 10.) Defendant did not

file a memorandum in reply.

For the reasons set forth below, the Court **DENIES** Defendant's Motion (Doc. No.

9) and **ORDERS** Defendant to file a certified copy of the administrative record within

thirty (30) days of the date that this Order is filed.

**I.      STATEMENT OF FACTS**

Plaintiff filed an application for Disability Insurance Benefits and Supplemental

Security Income in October 2022. (Motion, Doc. No. 9-1 at PageID 37.) After a hearing

---

[1] *See* S.D. Ohio General Rule 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.")

held at Plaintiff's request, an Administrative Law Judge (ALJ) issued an unfavorable decision on May 31, 2024 and concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (*Id.* at PageID 34-51.) The Appeals Council denied Plaintiff's request for review on June 9, 2025. (*Id.* at PageID 56-61.) In its Final Notice, the Appeals Council informed Plaintiff that he had sixty days from his receipt of the Notice to challenge the determination by filing a civil action. (*Id.* at PageID 57-58.) Plaintiff is presumed to have received the Final Notice within five days after it was mailed. 20 C.F.R. § 422.210(c). Therefore, in the absence of equitable tolling, the deadline to file this lawsuit was August 13, 2025.

On November 26, 2025, Plaintiff filed a Complaint under 42 U.S.C. § 405(g) for a review of a final decision by Defendant Commissioner of Social Security. (Complaint, Doc. No. 1.) Defendant responded by moving to dismiss Plaintiff's Complaint on the ground that it is time-barred. (Motion, Doc. No. 9.) Defendant submitted a Declaration from Rosanna Mapp, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration, which in turn attached the Administrative Law Judge (ALJ) Notice of Unfavorable Decision and the subsequent Notice of Appeals Council Action ("Final Notice"). (Doc. No. 9-1.)

Plaintiff does not dispute that the filing deadline was August 13, 2025. (Response, Doc. No. 10 at PageID 62.) Instead, Plaintiff asserts that his counsel timely filed this lawsuit on August 6, 2025, but a clerical error prevented the case from being opened. (*Id.* at PageID 62-63.) Plaintiff claims that he received a payment receipt on August 6, 2025

2

and the matter was opened under case number 1:25-oe-00555-UNA. (*Id.* at PageID 62-63 (citing Doc. 10-2 at PageID 68).) Plaintiff did not learn that the filing was deficient until November 2025, when his counsel contacted the Clerk's office because "Plaintiff had not received the transmission of the entire record by the Defendant." (*Id.* at PageID 63.) The Clerk "instructed [Plaintiff] to refile the complaint and that it would be attached to the case number previously assigned." (*Id.*) Plaintiff argues that he "believed in good faith that his case was commenced on August 6, 2025, when the initial filing was made." (*Id.*) Plaintiff further argues that he "made the filing on August 6, 2025, which is timely and would require the Motion to Dismiss to be denied." (*Id.*)[2]

## II.    STANDARD OF REVIEW

Because Defendant's Motion relies upon matters outside of the pleadings, the Court will analyze it under the standard applicable to motions for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Plaintiff had notice of Defendant's Motion and therefore had

---

[2] In the alternative, Plaintiff argues that the Court should accept the untimely filing under 20 C.F.R § 404.911 because good cause exists to extend the filing deadline. (Response, Doc. No. 10 at PageID 63-64.) However, the Court cannot rely on 20 C.F.R. § 404.911 because "[t]he Commissioner, not the district court, applies § 404.911 to determine whether a claimant has 'good cause' for missing a filing deadline. *See Harris-Holland v. Astrue,* No. 3:10-174-RBH-JRM, 2010 WL 4646084, at *3 (D.S.C. Oct. 20, 2010), *report and recommendation adopted sub nom. Holland v. Comm'r of Soc. Sec. Admin.*, No. 3:10-CV-00174-RBH, 2010 WL 4658863 (D.S.C. Nov. 9, 2010) (citing *Bowen v. New York*, 476 U.S. 467, 480 & n.12 (1986) ("Congress has authorized the [Commissioner] to toll the 60-day limit")).

the opportunity to submit evidentiary materials in response. Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and "the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citation omitted). Once the moving party meets its initial burden, the nonmovant is required to "cit[e] to particular parts of materials in the record" to show that there is a genuine issue for trial." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts" and must point to "evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (citation omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

4

### III.    ANALYSIS

Because Plaintiff has argued that good cause excuses the untimely filing, and in the interest of fairness and deciding cases upon their merits, the Court will construe Plaintiff's Response as including a motion to extend the filing deadline under Federal Rule of Civil Procedure 6(b)(1)(B). *See Barnes v. Malinak*, No. 3:15-CV-556-PLR-HBG, 2017 WL 3161686, at \*3 (E.D. Tenn. July 25, 2017) ("some courts have employed the use of [Rule 6(b)(1)(B)] when a party requests an extension of a deadline that has expired"). The Court will therefore evaluate whether Plaintiff's untimely filing was the result of "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). Finding this standard to be satisfied, the Court **DENIES** Defendant's Motion (Doc. No. 9).

Because the Clerk of Court's electronic docket shows that this case was filed on November 26, 2025, the Court agrees that it is untimely. *See* 42 U.S.C. § 405(g). However, it is also undisputed that Plaintiff attempted to file this lawsuit before the deadline and thought he had in fact done so. The question before this Court, therefore, is whether Plaintiff's failure to file this lawsuit by the August 13, 2025 deadline stemmed from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). If so, then this Court has the authority to extend the filing deadline. *Id*.

Excusable neglect is a "strict standard … met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006). The determination of whether there is excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by the circumstances beyond the control of the movant." *Id*. at 392. The Court balances five factors when deciding whether there was excusable neglect: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (*citing Pioneer,* 507 U.S. at 395).

Applying the relevant factors to this case, the Court concludes that Plaintiff has met the standard for a finding of excusable neglect. Although Plaintiff's counsel filed the Complaint over three months after the filing deadline, counsel reasonably believed that it had been filed ***before*** that deadline and did not discover the error until counsel contacted the Clerk of Court three months later. Because the exact nature of the error is unclear, the Court has insufficient information to determine whether the delay was within Plaintiff's reasonable control. Although Plaintiff would have discovered the error sooner if his counsel had followed up with the Clerk of Court earlier, this fact does not lead the Court to conclude that there was a lack of diligence (much less a lack of good faith). The Court recognizes that a decision to permit the untimely commencement of a case involving a Social Security administrative appeal will cause some prejudice to the Commissioner. *See*

6

*Cook*, 480 F.3d at 437. Nevertheless, under the unique circumstances of this case, the balance of the applicable factors leads the Court to conclude that Plaintiff's untimely filing resulted from excusable neglect under Rule 6(b)(1)(B).

Accordingly, for good cause shown, the Court relies on Federal Rule of Civil Procedure 6(b)(1)(B) to extend the relevant filing deadline to November 26, 2025, **DENIES** Defendant's Motion (Doc. No. 9), and **ORDERS** Defendant to file a certified copy of the administrative record within thirty (30) days of the date this Order is filed.

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge